**Bennie D. DRIETZ, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

As Modified on Rehearing March 31, 1972.

Charles Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellant.

John Breckinridge, Atty. Gen., James Ringo, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Bennie D. Drietz, Jr., appeals from a judgment sentencing him to a term of four years' imprisonment pursuant to a verdict which found him guilty of detaining a woman against her will with intent to have carnal knowledge of her. KRS 435.-110. The errors complained of consist only of the alleged improper admission of an item of testimony, and alleged improper comments by the Commonwealth's attorney in his closing argument.

The first witness for the Commonwealth, a detective, testified as to the circumstances of the arrest of Drietz. During direct examination the following occurred:

"D34 What, if anything, did the defendant say to you at that particular time?

"A Well, sir, upon being advised that he was under arrest and what the charges were, his immediate answer was, 'Well, I don't sweat this. I have been charged with it before.'

"D35 Did he make any other statements to you?

"MR. SHACKELFORD: Objection, Your Honor.

"THE COURT: To the question or to the answer that preceded it?

"MR. SHACKELFORD: To this line of questioning as to prior acts.

"THE COURT: Well, he asked if he had made any statement and he says that is the statement and as I gather it is not in response to what he said, but then he says did he make any other statements. I think it is pertinent here."

█ The testimony of Drietz's statement that "I have been charged with it before" clearly was incompetent, and the Commonwealth does not contend otherwise. However, the testimony was not elicited by an improper question, so it was incumbent on Drietz, in order to preserve error for appellate review, to move to strike the answer. Simmons v. Commonwealth, 207 Ky. 570, 269 S.W. 732. His mere objection "To this line of questioning as to prior acts," if sustained, would not have eliminated the answer already given from consideration by the jury. So no basis for reversal exists as to the answer complained of.

We do find reversible error, however, in the comments made by the Commonwealth's attorney in his closing argument. The objectionable comments were:

"* * * So he (appellant) goes down when he is arrested, and what does he say? What does he say to the policeman when he is arrested? 'I'm not going to worry about this. I beat this charge six months ago in Kansas.'

"MR. SHACKELFORD: Objection.

"MR. WALTERS: He knows what he's doing. This isn't the first time for this, but he's gotten out of it before. Did you see him on the witness stand? He was cool wasn't he? He knows how to testify on this witness stand. The average defendant who gets up on this witness stand is scared to death and can hardly answer the questions. But he is very cool—

"MR. SHACKELFORD: I object, Your Honor.

"THE COURT: Overruled.

"MR. WALTERS: He's very cool. He talked very suavely throughout his testimony. He's been there before and he knows his way around a courtroom. He had beat the same charge about six months before.

"MR. SHACKELFORD: Objection.

"THE COURT: Overruled."

█ Even if it be considered (which may be questionable) that Drietz's failure to move to strike the testimony by the detective of Drietz's statement that "I have been charged with it before" made the testimony a proper subject of comment in the closing argument, the comment that was made went beyond the testimony, introduced facts as to which there was no testimony, and was grossly unfair. There was no testimony that a charge had been prosecuted to the extent that it was "beat," and no testimony that there was a change "six months ago in Kansas." The comment implied that Drietz had been tried on a similar charge and had defended it on the witness stand in a courtroom. There was no basis for that implication. The comment was a plain effort to brand Drietz as an experienced criminal, which the Commonwealth's attorney must have known was highly improper.

Had the Commonwealth's attorney's comments ceased after the first objection was made, the appellant would be in no position to claim error, because, as hereinbefore pointed out concerning the objection to a witness' answer, a sustaining of the objection would not have eliminated the comment from the jury's consideration. But a sustaining of the objection would have barred any further comments in the same vein, so the objection was sufficient to have enabled the trial judge to make a preventive ruling, and was sufficient to preserve error for appellate review.

The Attorney General argues that the error respecting the closing argument should not be considered prejudicial because the evidence of Drietz's guilt was overwhelming

and it is not probable that the result of the trial would have been any different had the error not been committed. We do not agree. Drietz's conviction depended wholly on his identification by the prosecuting witness as the man who entered her dark motel room at 2:30 a. m. Drietz denied that he was the man. This certainly was not overwhelming evidence of guilt (although of course it was sufficient to sustain a conviction), and it is very possible that absent the Commonwealth's attorney's labeling of Drietz as a previous offender the jury might not have been convinced of the accuracy of his identification.

It is regrettable that the judgment of conviction on an otherwise fair trial must be reversed, and a new trial held, solely because of what appears to have been a flagrant violation by the Commonwealth's attorney of basic standards of fairness.

The judgment is reversed.

All concur.