RENDERED: JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1092-MR

JAQUANN WRIGHT                                                        APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BARRY WILLETT, JUDGE
ACTION NO. 19-CR-000945

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
REVERSING IN PART AND AFFIRMING IN PART

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Jaquann Wright, appeals his convictions after a jury

trial for second-degree assault and first-degree unlawful imprisonment. Having

reviewed the record, we reverse in part and affirm in part.

## BACKGROUND

Wright and Jennifer Price shared residence in a house in Louisville.

On the night of January 23, 2019, they invited a friend, Eva, to join them at the

house. Eventually, Eva fell asleep, and Price, a habitual drug user, left the house to locate and acquire heroin from her dealer, Travis.[1] After Price left, Eva awakened and told Wright something about Price that enraged him. Wright could not recall what Eva said, and no witness disclosed what was said at trial.[2] In response, Wright claims he gathered Price's belongings and placed them in a bathtub with the intention of setting them on fire. Wright eventually decided against this, calmed down, and Eva left the house.

Price returned two hours after she left. She and Wright hotly debate what occurred after Price returned home.

According to Wright, Price returned home and told him she had been attacked. Wright testified Price complained about jaw pain, and she had bruises on her face. Wright got ice for her injuries, and the two decided to walk to a nearby gas station to call for help.[3] Wright did not want to enter the gas station with her, for fear of being blamed for the attack, so he let her go in alone, and he returned home. His theory at trial was that Price's drug dealer, Travis, attacked her. Price recalled a very different versions of event.

---

[1] Wright did not know the extent of Price's drug use before she moved in with him.

[2] Eva died of a drug overdose prior to the trial.

[3] The two did not have a telephone to call for help.

According to Price, it took her two hours to get heroin from Travis. Once she succeeded, she returned home and found Wright furious with her for being gone so long. Price testified Wright grabbed her by the hair and dragged her down the hallway. Wright threw her in the basement and made her sit on a barstool and answer questions. Regardless of how Price answered, Wright would strike her with a crowbar. Eventually, Wright broke the bar stool over Price and took her to the bathtub. He threw her in the tub along with all her belongings and doused her in gasoline.[4] Wright did not ignite the gasoline. Price claims she left to go to the gas station to seek help. Upon investigation, law enforcement found a broken bar stool and crowbar in the basement.

At the gas station, Price called 911 and said Wright assaulted her. Medical personnel transported Price to the hospital. In all, medical personnel determined Price suffered from a zygomatic cheek fracture and a broken nose. Consequently, her face was swollen and deformed.

A jury found Wright guilty of second-degree assault and first-degree unlawful imprisonment.

During trial, Price testified to Wright's past behavior. She said Wright regularly put his hands on her and recounted an instance when Wright flipped a couch on which she was seated, knocking her unconscious. Wright

---

[4] Police detected no odor of gasoline in the tub on inspection.

objected to this specific instance on grounds that the Commonwealth failed to give proper notice of this prior bad act, in violation of KRE[5] 404(c).

Additionally, Wright claims error relating to disallowed testimony from his roommate Lynette. Wright attempted to introduce Lynette's testimony concerning Price's past criminal conduct when Price sold Lynette's car, without permission to do so – to acquire drug money. Wright took Lynette's side in an ensuing fight between Lynette and Price. Wright claims this evidence was admissible as proof of Price's bias against Wright and the circuit court's exclusion of this evidence violated Wright's ability to present a defense.

Wright appeals both rulings on these objections.

## STANDARD OF REVIEW

When admitting or excluding evidence, circuit courts in Kentucky enjoy substantial discretion. *Daugherty v. Commonwealth*, 467 S.W.3d 222, 231 (Ky. 2015). Because of this, when an appellate court reviews a circuit court's ruling on the admissibility of evidence, the standard of review is that of abuse of discretion. *Meece v. Commonwealth*, 348 S.W.3d 627, 646 (Ky. 2011). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

---

[5] Kentucky Rules of Evidence.

# ANALYSIS

First, we address the sufficiency of the Commonwealth's KRE 404(c) notice concerning a specific instance of Wright's prior bad act. Second, we will address the circuit court's exclusion of Lynette's testimony regarding Price's prior criminal conviction.

*Commonwealth's KRE 404(c) Notice*

Prior to addressing the sufficiency of the Commonwealth's KRE 404(c) notice, we must address the Commonwealth's argument that Wright failed to properly preserve this issue on appeal.

The Commonwealth argues preservation rules required Wright to ask for an admonition or to strike the testimony from the record. For purposes of analysis, we consider the sequence of events at trial. First, the Commonwealth asked Price to recall any occasions when Wright became violent; the defendant did not object to this question. Next, Price recited the couch flipping incident. Wright then asked to approach the bench and objected to the answer on grounds that testimony regarding this prior act violated KRE 404(c). The circuit court determined this specific instance fell under the KRE 404(c) notice the Commonwealth had provided. Finally, the defendant moved for a mistrial, which the circuit court denied.

The Commonwealth alleges because Wright failed to object before Price answered the question and did not subsequently ask for an admonition or to strike the testimony, the issue is not properly preserved. We are not convinced.

The Commonwealth relies on *Drietz v. Commonwealth*, 477 S.W.2d 138 (Ky. 1972), and *Kesler v. Shehan*, 934 S.W.2d 254 (Ky. 1996), to support this argument. Both cases recite requirements that a defendant must ask for an admonition or move to strike testimony to properly preserve an issue for appeal. *Drietz*, 477 S.W.2d at 139; *Kesler*, 934 S.W.2d at 256.

In *Drietz*, the Kentucky Supreme Court determined the defendant did not properly preserve an issue for appeal where, had the objection been sustained, the improper testimony would remain uncured. *Drietz*, 477 S.W.2d at 139.

The Kentucky Supreme Court in *Kesler* held the defendant failed to properly preserve an issue where a trial judge had no opportunity to rule on the grounds of the objection made. *Kesler*, 934 S.W.2d at 256-57. That is not the fact pattern here.

Had the circuit court sustained Wright's objection, which he made on KRE 404(c) grounds, the circuit court had the power to "exclude the evidence offered under subdivision (b) or for good cause shown . . . excuse the failure to give such notice and grant the defendant a continuance or such other remedy as is necessary to avoid unfair prejudice caused by such failure." KRE 404(c). The

remedy to the objection would have cured the improper answer given. Further, the circuit court ruled on this objection based on the same grounds now argued before this Court. Regardless, even if we were convinced by the Commonwealth's argument, this issue, in our opinion, would qualify for palpable error review.

Thus, this issue is adequately preserved for review. Accordingly, we now turn to the merits of Wright's appeal.

Pursuant to KRE 404(b), prior bad acts are inadmissible to prove conduct in conformity therewith, but may be "offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" KRE 404(b). When ruling on the admissibility of a prior bad act, circuit courts have discretion to admit such evidence if the evidence is "relevant, probative and the potential for prejudice does not outweigh the probative value of such evidence." *Parker v. Commonwealth*, 952 S.W.2d 209, 213 (Ky. 1997). "[E]vidence of similar acts perpetrated against the same victim is almost always admissible."[6] *Whaley v. Commonwealth*, 567 S.W.3d 576, 587 (Ky.

_____

[6] The Commonwealth represented this quote to the Court as follows: "'evidence of similar acts perpetrated against the same victim is almost always admissible to prove intent, plan, or absence of mistake or accident.' *Whaley v. Commonwealth*, 567 S.W.3d 576, 587 (Ky. 2019) (cleaned up)." (Appellee's Brief, p. 6.) The actual quote, in context, reads: "The standard quoted in *Harp*, that evidence of similar acts perpetrated against the same victim is almost always admissible, *is clearly applicable to the case at hand as the initial sexual act is similar to the sexual acts listed in the indictment*." *Whaley*, 567 S.W.3d at 587 (emphasis added). The specific words the Commonwealth placed in quotation marks do not appear together in *Whaley*. *See id.* Quotation and sub-quotation marks represent to the reviewing Court that the words contained within them are the actual words of the Court that rendered the opinion. While the

-7-

2019) (citation omitted) (Kentucky Supreme Court found evidence of prior sexual acts admissible over a KRE 404(b) objection); *see also Harp v. Commonwealth*, 266 S.W.3d 813, 822-23 (Ky. 2008) (finding no prejudice "to overcome the general rule regarding admissibility of similar acts perpetrated against the same victim").

In reviewing the circuit court's ruling on this 404(b) evidence, we find no abuse of discretion. Evidence Wright became physically violent with Price prior to this incident was relevant and probative for the crime of second-degree assault. Further, Wright points to no specific prejudice he would face that could overcome the general rule of admissibility. Thus, we find no abuse of discretion in permitting this evidence.

Nevertheless, "[e]ven in cases where evidence of prior uncharged criminal activity between the defendant and third persons is admissible, fundamental fairness dictates, and we hold, that the defendant is entitled to be informed of the names of the non-complaining witnesses and the nature of their allegations so far in advance of trial as to permit a reasonable time for investigation and preparation." *Gray v. Commonwealth*, 843 S.W.2d 895, 897 (Ky. 1992). Thus, under 404(c), "if the prosecution intends to introduce evidence pursuant to

---

Commonwealth's words are consistent with the legal concept, they are not the same words. We do not find the "cleaned up" parenthetical appropriate to justify the inaccurate quotation. We strongly encourage every advocate to avoid using such an inappropriate parenthetical.

[KRE 404](b) . . . as a part of its case in chief, it shall give reasonable pretrial notice to the defendant of its intention to offer such evidence." KRE 404(c).

Failure to provide the appropriate notice permits the circuit court to "exclude the evidence offered under subdivision (b) or for good cause shown . . . excuse the failure to give such notice and grant the defendant a continuance or such other remedy as is necessary to avoid unfair prejudice caused by such failure." KRE 404(c). Thus, KRE 404(c) presents "the accused with an opportunity to challenge the admissibility of this evidence through a motion *in limine* and to deal with reliability and prejudice problems at trial." *Tamme v. Commonwealth*, 973 S.W.2d 13, 31 (Ky. 1998).

Accordingly, when criminal defendants appealing their conviction challenge admitted evidence based on KRE 404(c), appellate courts review whether the prosecution gave adequate notice on a case-by-case basis. *Matthews v. Commonwealth*, 163 S.W.3d 11, 19 (Ky. 2005) (citing *Walker v. Commonwealth*, 52 S.W.3d 533, 538 (Ky. 2001)). Thus, to determine whether the Commonwealth provided adequate notice under KRE 404(c), we must turn to the surrounding facts concerning admissibility. *Id.*

Here, the Commonwealth did file a notice "To Introduce Potential Evidence Pursuant to KRE 404(b)" under the requirements of KRE 404(c). (Record (R.) at 174.) Relevant here, the Commonwealth gave the following notice

-9-

of the prior bad act: "A couple weeks prior to the incident in question, the defendant got angry with the victim for leaving the house without telling him and he became physically violent with her, leaving bruises." (*Id.*) We do not believe this statement gave the defendant sufficient notice of the couch flipping incident to avoid surprising the defendant at trial. At trial, Price testified to a specific instance of abuse that occurred early in their relationship after she said something to Wright he did not like. He responded by flipping a couch the two sat on. She hit her head and fell unconscious as a result. This is not the incident described in the Commonwealth's vague KRE 404(c) notice.

Looking at language employed by the Commonwealth in its KRE 404(c) notice, the Commonwealth described an incident two weeks prior to the assault on Price. Price's testimony indicated the couch flipping incident occurred early on in their relationship, well before the two-week timeframe given in the notice. Additionally, the notice stated Price left and returned, causing Wright to become violent. In this specific instance, Price testified she said something and then he became violent; there was no indication she left the house and returned. Finally, the notice stated she received bruising. In this specific instance, Price testified she hit her head and fell unconscious. We cannot say the incident described in the Commonwealth's KRE 404(c) notice aligns with the incident Price testified to at trial. These inconsistencies are considerable and undermine a

-10-

reasonable belief the incident described in the notice refers to the couch flipping incident. Thus, the Commonwealth's 404(c) notice does not provide the required notice for this specific incident described at trial. To avoid unfairly surprising a defendant, the Commonwealth must be more specific and cannot rely on vague generalizations in their KRE 404(c) notice. Notice must "characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." *United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995) (interpreting KRE 404's federal counterpart).

Despite failing to give proper notice under KRE 404(c), the Kentucky Supreme Court has held lack of notice under KRE 404(c) is not grounds for a new trial if the defendant had actual notice of the evidence. *See Tamme*, 973 S.W.2d at 31-32; *Walker*, 52 S.W.3d at 538; *Bowling v. Commonwealth*, 942 S.W.2d 293, 300 (Ky. 1997), *overruled on other grounds by McQueen v. Commonwealth*, 339 S.W.3d 441 (Ky. 2011). Because of this, when the defendant has sufficient actual notice of a specific incident, the court deems the defendant to have reasonable notice for purposes of KRE 404(c).

In both *Tamme* and *Walker*, the Kentucky Supreme Court held an appellant had sufficient notice of a specific instance where the appellants made motions *in limine* to challenge their respective specific instance. *Walker*, 52 S.W.3d at 538; *Tamme*, 973 S.W.2d at 31-32. In both cases, the Kentucky

-11-

Supreme Court reasoned that by filing a motion *in limine* to challenge the admissibility of a prior bad act, the appellants demonstrated they respectively had notice of their specific prior bad acts prior to trial. *Walker*, 52 S.W.3d at 538; *Tamme*, 973 S.W.2d at 31-32. The purpose of KRE 404(c) could not further be satisfied by the Commonwealth's filing a KRE 404(c) notice of the specific instance. Thus, if the defendant has actual notice, the Commonwealth satisfies the notice requirements of KRE 404(c). This is not the case here.

There is no indication Wright knew the Commonwealth would use this specific instance prior to trial. There is no evidence the defendant filed a motion *in limine* to challenge the admissibility of the specific evidence. This specific instance surprised the defendant as the Commonwealth's 404(c) notice failed to fairly apprise him the Commonwealth would attempt to introduce it. This violates KRE 404(c). Thus, the circuit court erred in overruling Wright's objection. Before reversal is required, however, we must determine whether the error was harmless.

Despite failing to give proper notice, the Kentucky Supreme Court has held lack of notice under KRE 404(c) may be harmless error. *Clark v. Commonwealth*, 267 S.W.3d 668 (Ky. 2008); *see also Couch v. Commonwealth*, No. 2011-SC-000603-MR, 2013 WL 658151, at *1 (Ky. Feb. 21, 2013). The jurisprudence indicates that, to be harmless error, it must be cumulative of other

-12-

evidence sufficient in itself to sustain the conviction. *Clark*, 267 S.W.3d at 681-82. Here, there is no indication in the record this evidence is cumulative. Price's testimony of this prior bad act stands alone. Because the evidence is not cumulative, we cannot say the circuit court's error here was harmless.

Therefore, the circuit court erred in finding the Commonwealth gave sufficient notice of this specific instance. Consequently, the circuit court abused its discretion in denying Wright's motion for a mistrial.

*Price's Prior Criminal Conviction*

Next, we turn to the circuit court's exclusion of Lynette's testimony. Wright claims the circuit court erred in excluding Lynette's testimony about Price's prior criminal act.

Had Lynette testified, she would have recalled an incident when Price sold Lynette's car for money to buy drugs. Lynette and Price verbally fought over the incident, and Wright took Lynette's side in the dispute. Price ultimately pleaded guilty to misdemeanor unauthorized use of a motor vehicle. The circuit court excluded Lynette's testimony, labeling it as improper extrinsic evidence of Price's crime. The circuit court did not prevent Wright from cross-examining Price about the conviction. But he contends Lynette's testimony about Price's misdemeanor conviction was essential to attack Price's credibility, show

-13-

motivation to lie, and reveal any bias Price had toward Wright. We disagree; the circuit court did not abuse its discretion.

Under KRE 608(b), "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." Under KRE 609, only evidence of a crime punishable by death or for more than one year may be shown by extrinsic evidence for purposes of impeaching the witness's credibility only. KRE 609(a). "[I]f probative of truthfulness or untruthfulness," specific instances may "in the discretion of the court . . . be inquired into on cross-examination of the witness: (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." KRE 608(b). Additionally, "counsel is limited to asking the witness about the specific instance of conduct on cross-examination and is stuck with whatever answer is given." *Allen v. Commonwealth*, 395 S.W.3d 451, 462 (Ky. 2013).

Here, Lynette's testimony constituted extrinsic evidence. Wright wished to inquire into Price's prior conviction through the direct examination of Lynette. This is contrary to KRE 609 which is clear that specific instances may be inquired into only on cross-examination. Additionally, the conviction at issue does

not fall under the crimes contemplated by KRE 609. Thus, the bar of extrinsic evidence found in KRE 608 dictates whether the circuit court could permit Lynette's extrinsic testimony. In excluding it, we find no abuse of discretion.

## **CONCLUSION**

Therefore, the circuit court erred in denying Wright's motion for a mistrial based on the Commonwealth's violation of KRE 404(c). The circuit court did not err in denying Lynette's testimony concerning Price's prior criminal conviction.

Accordingly, we reverse in part and affirm in part.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky